MEMORANDUM and ORDER **
Carla Larsen appeals from the district court’s order dismissing her appeal in this social security case for lack of subject matter jurisdiction. We affirm.[1]
In Matlock v. Sullivan, 908 F.2d 492, 492-93 (9th Cir.1990), this court held that “jurisdiction was lacking” over the “Appeals Council’s discretionary refusal to consider an untimely request for review.” See 42 U.S.C. § 405(g); 20 C.F.R. § 416.1403(a)(8). Matlock squarely controls this case. Therefore, Larsen’s reliance on McNatt v. Apfel, 201 F.3d 1084 (9th Cir.2000), is misplaced.
Larsen’s contention that waiver of the exhaustion requirement is warranted also fails. Larsen’s claim is an allegation of individual errors that is intertwined with her claim for relief, and development of an agency record would serve the purposes of exhaustion; accordingly, waiver of exhaustion is not warranted. Kildare v. Saenz, 325 F.3d 1078, 1082-83, 1084 (9th Cir.2003).
Because Larsen failed to raise a due process claim before the district court, this claim is waived on appeal. See Edlund v. Massanari, 253 F.3d 1152, 1158 & n. 7 (9th Cir.2001); Crawford v. Lungren, 96 F.3d 380, 389 n. 6 (9th Cir.1996).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because we affirm the district court's conclusion that it lacked jurisdiction, we deny the Commissioner’s motion to strike, and Larsen's motion to supplement the record on appeal, as moot.